[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (MOTION NO. 128)
By writ dated December 23, 1996, Metropolitan Property and Casualty Insurance Company and John and Beth Welch commenced the present action against the town of Fairfield and that town's tree warden, Kenneth Placko. The Welches reside at 101 Old South Road in Fairfield; in the front of that property was located a certain maple tree which gave rise to this action. In their Revised Complaint, the plaintiffs allege the defendants knew or should have known that tree had begun to rot and was unsafe and that in fact the defendants had, prior to December 24, 1994, installed a support cable and filled a rotted area of the trunk with concrete. On that date, the tree fell, falling through the roof, attic and second floor ceiling of the home, made contact with Ruth Welch as she lay in bed, and caused personal injuries to her and property damage to the home. The Welches then had a homeowners' policy with Metropolitan, pursuant to which it paid the property damage and became subrogated to the rights of the individual plaintiffs to the extent of that payment. The Welches' assigned all of their rights to recover for property damage to Metropolitan.
In their nine count complaint, the plaintiffs allege counts sounding in negligence and nuisance against Placko and in negligence and nuisance as against the town pursuant to Connecticut General Statute § 7-465.[1]
Beth Welch asserts causes of action in negligence and nuisance for her personal injuries. The defendants assert four (4) special defenses premised upon municipal immunity. In this Motion for Summary Judgment (No. 128), they contend the entire action is barred for reason of such immunity. The plaintiffs timely filed an objection and memorandum of law and this court heard oral argument.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 5848 that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 559-60 (2001).
The common law doctrine of municipal immunity is codified by Connecticut General Statute § 52-557n (a) (2) which provides:
 Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
Thus, the statute provides a municipality immunity for governmental acts involving the exercise of discretion.
"[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640, 645
(1994). Ordinarily, the determination whether qualified immunity exists is a question of law for the court unless there are unresolved factual issues raised by the special defense, which issues are properly left to the jury. See Mulligan v. Rioux, 229 Conn. 716, 736 (1994). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion. . . . [Citations omitted; internal quotation marks omitted.]"Evon v. Andrews, 211 Conn. 501, 505 (1989).
The parties agree the defendant Placko's duty as a tree warden is a governmental or public duty. The wording of the statute applicable to the duties of a tree warden makes clear that employee's duties call for the CT Page 5849 exercise of discretion or judgment.[2] It remains therefore to determine whether there exists an exception to the immunity for the tort liability of the employee and town. The exceptions to immunity for the purposes of examining a negligence claim are equally applicable to nuisance claims. See Elliott v. City of Waterbury, 245 Conn. 385 (1998). Decisional law recognizes three such exceptions;[3] the only exception relevant here is the one permitting a tort cause of action arising out of circumstances creating likely imminent harm to an identifiable person. This exception has been construed to apply both to identifiable individuals and to narrowly defined identifiable classes of foreseeable persons. See Burns, supra, at 646.
The defendants argue this exception does not apply because there is no showing of imminent harm — no immediacy. They argue the tree could have fallen on a date earlier — or later — than it did or it might not have fallen at all. They also argue the class of persons subject to "the harm of falling trees includes each and every property owner and pedestrian within the falling distance of each and every tree growing in the Town (sic) right-of-way." Defendants' memorandum of law, at page 10. These arguments fail. In Burns v. Board of Education,228 Conn. 640 (1994), our Supreme Court noted the plaintiff school child who slipped and fell on an icy school walkway was an occurrence that could not have happened a: any time in the future because it was limited to the duration of the temporarily icy condition. Id., at 640. InPurzycki v. Fairfield, 244 Conn. 101 (1998), a school student was injured when tripped by another student in an unsupervised hallway because the circumstances involved a limited time period (one-half hour) and a limited geographical area of the school (the hallway leading from the lunch room to the outdoors). In Shore v. Southington, 187 Conn. 147
(1982), a police officer stopped but failed to arrest a drunk driver who continued to drive and, fifty minutes later, struck and killed someone. The Court in Shore, however, affirming the trial court's granting of the defendant's motion for summary judgment, did not conclude as it did on any basis other than that the plaintiff's cause of action failed "for want of a ministerial or a clear and unequivocal discretionary duty."Id., at 154. It found the plaintiff failed to show the police officer could have been aware the driver's conduct threatened an identifiable victim with imminent harm and therefore concluded the officer owed no specific duty to the plaintiff's decedent.
The plaintiff in the case at bar is not, as in Shore, a member of the public at large and the argument either that this tree could have fallen upon and injured any of an undeterminable number of passersby or that every property owner or pedestrian within the falling distance of any tree growing in the town's right of way was subject to the harm of falling trees misses the mark. Nor can this court conclude the defendants CT Page 5850 could not have been aware the tree was likely to cause imminent harm to an identifiable person given the condition and age of the tree and its location on the Welch property. Connecticut courts have construed the identifiable person/imminent harm exception to the qualified immunity of a municipal employee for discretionary acts "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." 228 Conn. 640, 646 (1994). Thus, in Burns, the Court agreed the plaintiff school child was a member of a foreseeable class of victims to whom the school superintendent owed a special duty of care and rejected the defense of governmental immunity. Id. It cannot be said this plaintiff was neither foreseeable nor identifiable. Vis-É-vis the only tree at issue, this plaintiff was at risk. Given the location of this tree, she was a foreseeable victim capable of being identified. The class of persons subject to harm if this tree fell is extremely small and clearly includes the plaintiff Welch. As to the imminency of the harm, an affidavit of Joseph Maisano, a licensed arborist and horticulture expert, was offered by the plaintiffs in support of their objection to the summary judgment motion. In such affidavit, Maisano averred that he had examined the trunk of the maple tree and had reviewed photographs and the tree warden's maintenance records. He stated the height and location of the tree put the Welches' home "within a limited area, or zone of danger, within which the treewould fall (emphasis added)." Paragraph 5(c) of Affidavit. He said the tree showed visible signs of decay, that cabling had been installed to support branches and its interior filled with concrete to fill a void created by decay, and that, by the time the tree fell, the trunk was substantially rotten, the tree was in imminent danger of falling on the Welches' home, and that anyone who was familiar with its condition should have removed it for the safety and protection of the surrounding structures. Paragraph 5(d), (e), (f), and (g). While the defendants submitted an affidavit of the tree warden, that affidavit did not contradict any of Maisano's averments and no supplementary affidavit was submitted to counter the arborist's conclusions. Maisano's affidavit clearly presents a question of material fact regarding "imminent harm."[4]
When "the question of imminent harm is a factual one . . . a jury or fact finder would need to access the credibility and weight to be given [to witnesses'] testimony." (Citations omitted.) Tyron v. NorthBranford, 58 Conn. App. 702, 716 (2000).
The Motion for Summary Judgment is denied.[5]
B.J. SHEEDY, J.