ALEX TYSON *v.* JAMES F. SULLIVAN,
COMMISSIONER OF TRANSPOR-
TATION, ET AL.
(AC 22508)

Foti, Bishop and West, Js.

Argued March 18—officially released June 24, 2003

*Ronald D. Williams, Jr.*, for the appellant (named defendant).

*Mary-M. Dalton Burgdorff*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant James F. Sullivan,[1] the commissioner of transportation, appeals from the trial court's denial of his motion to dismiss count one of the plaintiff's complaint for lack of subject matter jurisdiction.[2] The defendant claims that the court improperly concluded that sovereign immunity did not deny the court subject matter jurisdiction because (1) the plaintiff's action fell within the scope of the state highway defect statute, General Statutes § 13a-144,[3] and (2) the

[1] The city of Waterbury is a defendant as to count two of the plaintiff's complaint; however, the city is not a party to this appeal, which addresses only count one. Therefore, throughout this opinion, we refer to the commissioner of transportation as the defendant.

[2] We generally consider a denial of a motion to dismiss as interlocutory in nature and, therefore, not a final judgment for the purpose of an appeal. Nevertheless, our Supreme Court has held that when, as in the present case, the basis of the motion is a colorable claim of sovereign immunity, a denial of a motion to dismiss is a final judgment from which an appeal may lie. *Shay* v. *Rossi*, 253 Conn. 134, 164–65, 749 A.2d 1147 (2000) (en banc).

[3] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . . The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general

plaintiff's statutorily required notice of claim was not patently defective in its description of his injuries. We affirm the judgment of the trial court.

The record reveals the following procedural history. On May 2, 2000, the plaintiff, Alex Tyson, sent notice of his intent to bring an action pursuant to § 13a-144 against the defendant for personal injuries arising out of an incident that had occurred on March 1, 2000. The plaintiff sent the notice via certified mail, which the defendant received on May 4, 2000.[4] Thereafter, on March 12, 2001, the plaintiff filed a two count complaint.

In his complaint, the plaintiff alleged that, on the morning of March 1, 2000, he was a passenger in a motor vehicle traveling east on Interstate 84 in Waterbury. He further alleged that as the vehicle exited the highway onto the Hamilton Avenue off ramp, boulders, rocks and other debris that had broken loose from an adjacent rock ledge spilled over the jersey barriers on the right side of the highway and struck the vehicle, injuring him.[5] Count one of the complaint asserts that the defendant breached his statutory duty to maintain the roads in a reasonably safe condition in violation of § 13a-144.[6]

description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

[4] The plaintiff sent an amended notice via certified mail on July 11, 2000, which the defendant received on July 13, 2000.

[5] The plaintiff claims that he sustained, inter alia, injuries to his spine, shoulder and head, as well as emotional distress, mental anguish, pain and suffering, and general loss of earnings.

[6] The plaintiff alleged that the defendant breached his statutory duty in one or more of the following ways: He failed (1) to inspect the rock ledge reasonably for loose rocks and other debris; (2) to remove loose rocks and other debris from the rock ledge properly; (3) to reinforce the rock ledge properly to prevent loose rocks and other debris from falling onto the main travel portion of the highway; (4) to maintain the area of the rock ledge properly to prevent loose rocks and other debris from falling onto the travel portion of the highway; (5) to place sufficient jersey barriers to prevent loose rocks and other debris that fell from the rock ledge from falling onto the travel portion of the highway; (6) to maintain the travel portion of the highway properly; (7) to remove properly rocks and other debris that previously had fallen from the rock ledge onto the travel portion of the

On May 2, 2001, the defendant filed a motion to dismiss count one. He argued that the plaintiff's claim, as it was alleged, fell outside the scope of § 13a-144 and that because the state had not otherwise consented to a lawsuit, the doctrine of sovereign immunity barred the action. The defendant also argued that the plaintiff had failed to satisfy the statute's notice requirement because his notice had not set forth a general description of his injuries and that such failure was equally fatal to the plaintiff's claim. Consequently, the defendant argued, the court lacked subject matter jurisdiction and should dismiss the claim.

The plaintiff filed an objection in which he maintained that his action fell within the scope of § 13a-144 and that the notice received by the defendant was adequate, thereby giving the court proper jurisdiction over the claim. The court agreed and, by memorandum of decision filed October 22, 2001, denied the defendant's motion to dismiss. The defendant now appeals from that decision.

The standard of review that guides our resolution of the defendant's claims is well settled. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied

---

highway; (8) to warn the plaintiff or other approaching motorists properly of the hazardous and dangerous conditions then existing on the travel portion of the highway; (9) to place barriers properly around the rocks and other debris that had fallen from the rock ledge onto the travel portion of the highway; (10) the highway was not reasonably safe for the purposes and uses intended; (11) he knew or should have known, in the exercise of reasonable care and inspection, of the hazardous conditions and should have corrected them; and (12) the hazardous and dangerous conditions existed for a sufficient period of time so that he knew or should have known of them, and should have taken measures to remedy and correct them, but failed to do so.

Count two asserts that the city of Waterbury in a similar fashion breached its statutory duty under General Statutes § 13a-149, the municipal highway defect statute. See footnote 1.

from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Furthermore, whether subject matter jurisdiction exists is a question of law, and our review of the court's resolution of that question is plenary." (Citation omitted; internal quotation marks omitted.) *Berlin Batting Cages, Inc.* v. *Planning & Zoning Commission*, 76 Conn. App. 199, 203–204, 821 A.2d 269 (2003). Likewise, whether the plaintiff's notice was patently defective and, thus, failed to meet statutory requirements also is a question of law requiring our plenary review. See *Ozmun* v. *Burns*, 18 Conn. App. 677, 681, 559 A.2d 1143 (1989).[7]

I

The defendant first claims that the plaintiff failed to allege a highway defect sufficient, as a matter of law, to bring his claim within the scope of § 13a-144. The defendant argues that because of that failure, he retains immunity from suit under the doctrine of sovereign immunity and, thus, the court lacks subject matter jurisdiction over the claim. We disagree.

We first briefly discuss the law underlying the defendant's claim. "[S]overeign immunity is an immunity, not simply from liability, but from suit as well." *Shay* v. *Rossi*, 253 Conn. 134, 165, 749 A.2d 1147 (2000). Because sovereign immunity implicates the court's subject matter jurisdiction, the existence of the immunity creates a proper basis for granting a motion to dismiss; *Amore* v. *Frankel*, 228 Conn. 358, 364, 636 A.2d 786 (1994);

---

[7] "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citations omitted; internal quotation marks omitted.) *Ozmun* v. *Burns*, supra, 18 Conn. App. 681.

unless, through legislation, the state has consented to be sued, thereby waiving its sovereign immunity. See *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 78–79, 818 A.2d 758 (2003). A statute that explicitly waives immunity from suit also implicitly waives immunity from liability. Id.

In enacting § 13a-144, the legislature explicitly waived the state's sovereign immunity in certain actions in which the injuries allegedly resulted from a defective highway. *Oberlander* v. *Sullivan*, 70 Conn. App. 741, 745, 799 A.2d 1114, cert. denied, 261 Conn. 924, 806 A.2d 1061 (2002). "[B]ecause there was no right of action against the sovereign state at common law, a plaintiff, in order to recover, must bring himself within § 13a-144." *White* v. *Burns*, 213 Conn. 307, 321, 567 A.2d 1195 (1990). The statute "is to be strictly construed in favor of the state"; id.; however, "when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity." *Amore* v. *Frankel*, supra, 228 Conn. 365.

A complaint is subject to a motion to dismiss if the plaintiff does not satisfy the statute's notice requirement; see *Oberlander* v. *Sullivan*, supra, 70 Conn. App. 745; or if the complaint alleges that the area where the injury occurred is not an area for which the state has a statutory duty to maintain and repair. *Amore* v. *Frankel*, supra, 228 Conn. 365. Similarly, if, accepting the allegations in the complaint as true, the court can conclude that, as a matter of law, the condition that allegedly caused the plaintiff's injury does not constitute a highway defect within the scope of § 13a-144, the court likewise should dismiss the complaint.

Our Supreme Court has defined the type of highway defect that gives rise to liability under § 13a-144 as "[a]ny object in, upon, or near the traveled path, which

would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.) *Comba* v. *Ridgefield*, 177 Conn. 268, 270, 413 A.2d 859 (1979). "[T]he defect need not be a part of the roadbed itself"; id.; however, objects that "have no necessary connection with the roadbed or public travel, which expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective." Id. If the alleged defect is not a part of the roadway, "it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." Id., 271.

The defendant contends that our Supreme Court's holding in *Comba* v. *Ridgefield*, supra, 177 Conn. 268, necessarily controls our determination in the present case of whether the plaintiff has alleged a defect within the scope of the statutory duty imposed on the state by § 13a-144. We disagree.

In *Comba*, the court held that, as a matter of law, an overhanging branch that fell from a rotted tree located near a highway onto a motor vehicle, injuring a passenger inside, did not constitute a defect as contemplated by General Statutes § 13a-149, the municipal highway defect statute. The court explained: "The condition alleged . . . did not obstruct, hinder or operate as a menace to travel. It was a condition that could cause injury, but that injury could result even to one who was not a traveler on the highway. A person could be injured by the limb; but the use of the highway, as such, would not necessarily have led to the injury." *Comba* v. *Ridgefield*, supra, 177 Conn. 271.

In his principal brief, the defendant argues that cliffs or rock ledges adjacent to the highway, like trees, "have

no necessary connection with the roadbed or public travel" and falling rocks, like falling tree limbs, "expose a person to danger, not as a traveler, but independent of the highway." The defendant also argues that in both *Comba* and the present action, the condition allegedly causing the accident was not "in the roadway or otherwise obstructing or hindering traffic thereon." We are not persuaded.

We first note that "[w]hether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances." *Chazen* v. *New Britain*, 148 Conn. 349, 353, 170 A.2d 891 (1961). We do not agree with the defendant's arguments that the holding in *Comba* necessarily controls the outcome in the present action. We conclude that the present action is distinguishable both factually and as a matter of public policy.

It is of no consequence that in the present case, the rock ledge and its accumulation of debris were not on or within the highway prior to the accident. Recovery under § 13a-144 is not limited to injuries caused by defects in the "traveled portion" of the highway. See *Serrano* v. *Burns*, 248 Conn. 419, 426, 727 A.2d 1276 (1999). A defect within the scope of the statute includes a condition located *near the traveled path* that, *from its nature and position*, would be likely to obstruct or to hinder one's use of the highway for traveling. *Hay* v. *Hill*, 137 Conn. 285, 288–89, 76 A.2d 924 (1950); *Hewison* v. *New Haven*, 34 Conn. 136, 142 (1867).

The rock ledge was located directly alongside the highway, thus "near the traveled path." Loose rocks and other debris situated on a rock ledge are objects that, by their very "nature and position," likely could dislodge and roll onto the lane of a highway thus obstructing or hindering travel. Signs along the highway warning of falling rocks and barriers erected along por-

tions of the highway to prevent such debris from spilling onto the roadway attest to that fact.

Further, in *Comba*, the court's analysis relied on its determination that the tree limb could have harmed someone other than a traveler on the highway. In contrast, we find it highly improbable in the present action that the falling rocks and other debris could have injured anyone other than someone traveling on the highway. Additionally, while the *Comba* court found that the tree had no necessary connection to the roadbed or travel, we cannot make such a determination in the present case. Rock ledges along the highway often are created in the construction of the highway. Although not specifically alleged in this case, such a fact would certainly constitute a necessary connection to the roadbed.

In reaching its conclusion, the *Comba* court also stated that to fall within the scope of the highway defect statute, an alleged condition not in the roadway "must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." *Comba* v. *Ridgefield*, supra, 177 Conn. 271. A falling tree branch and a falling rock each pose a direct danger to safe travel. We find a distinction between the two conditions, however, when we consider whether reasonably applicable remedial measures exist to alleviate the danger presented and whether, as a matter of public policy, the state should have a duty to employ such measures.

Common sense suggests that there are an extraordinary number of trees located along roadways covered by the highway defect statute, many with overhanging limbs similar to the situation in *Comba*. The condition of a tree, a living thing, is always changing, which would

necessitate numerous and frequent inspections and reinspections to avoid the problem presented in *Comba*. Absent specific notice as to a particular tree limb or such obvious signs of damage or rot sufficient to establish constructive knowledge on the part of the defendant, the danger imposed by any particular tree branch falling into the road likely is not susceptible to remedial measures that could be reasonably applied. In other words, it might be unreasonable as a matter of public policy to include in the defendant's duty to "keep in repair" the state's roadways the necessity to conduct thorough inspections of all trees located along the state's highways in an effort to avoid liability for accidents such as the one that occurred in *Comba*.

The availability and practicability of remedial measures to alleviate the dangers inherent in those rock ledges located near the highway may be viewed differently. There are certainly far fewer rock ledges or areas with the potential to cause the danger at issue in the present case, and the condition of those areas is far more immutable than the condition of living trees. It is not unreasonable to expect the state to take reasonable measures to inspect those areas or otherwise alleviate the dangers posed by rocks and other debris falling onto the highway. That is especially true in those instances in which the construction of the roadway itself created the rock ledge or the debris on the roadway.

We conclude that under the circumstances of this case, the allegations in the complaint were sufficient as a matter of law to bring the action within the scope of § 13a-144, effectively waiving the defendant's sovereign immunity.

## II

We next address the defendant's claim that the plaintiff's notice failed to comply with statutory requirements. The defendant argues that the required notice

of claim was patently defective in its description of the plaintiff's injuries. We disagree.

As previously stated, "[t]he notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity." *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 354, 636 A.2d 808 (1994). The notice requirement of § 13a-144 provides in relevant part: "No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ." General Statutes § 13a-144.

"The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made. . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Citations omitted; internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 354.

Ordinarily, the question of the adequacy of the notice is one for the trier of fact. Id. Only if the notice is

patently defective should the court decide the question as a matter of law. Id. "As long as notice provides *reasonable definiteness*, it is not patently insufficient and the adequacy of the notice becomes an issue for the jury." (Emphasis added; internal quotation marks omitted.) *Tedesco v. Dept. of Transportation*, 36 Conn. App. 211, 214, 650 A.2d 579 (1994).

The plaintiff's notice stated in relevant part: "As a result of said incident, [the plaintiff] was violently thrown about in his vehicle causing him to sustain injuries to his neck and back."[8] The defendant argues that the notice does not specify the nature or type of injuries sustained, only the location of the alleged injuries; therefore, the injuries might be minimal or very serious. The defendant also notes that the complaint alleges additional physical injuries that are not in the notice and are unrelated to the neck and back. The defendant contends in his principal brief that such a notice is patently defective because it "would preclude the commissioner from being able to assess the magnitude or degree of exposure presented as to each claim and prioritize his investigative resources accordingly." We are not persuaded.

Our Supreme Court has made clear that an adequate notice "need not be expressed with the fullness and exactness of a pleading." (Internal quotation marks omitted.) *Lussier v. Dept. of Transportation*, supra, 228 Conn. 356. Although the plaintiff's notice did not give an exact medical description of the plaintiff's injuries, no appellate decision has held that such specificity is necessary to comply with the notice requirement of § 13a-144, and we do not feel compelled to make such

---

[8] In his amended notice, the plaintiff restated his sustained injuries as being "to his neck, back, headaches, shoulder and teeth." Because the defendant received that amended notice outside of the statutorily prescribed sixty day period, however, we consider only the original notice. See *Bresnan v. Frankel*, 224 Conn. 23, 25 n.2, 615 A.2d 1040 (1992).

a holding in the present case. The plaintiff's notice provided a sufficient description to apprise the defendant of the seriousness of the injuries allegedly sustained. The notice did not simply state that the plaintiff was injured. See *Martin* v. *Plainville*, 240 Conn. 105, 108, 689 A.2d 1125 (1997) (holding that written notice stating that plaintiff "was injured" lacked general description of injuries and was insufficient as matter of law).[9] The notice stated that the plaintiff was "violently thrown about in his vehicle . . . ." A person who was violently thrown about his vehicle likely did not suffer merely trivial injuries. Given the time frame in which a plaintiff must provide notice to preserve the right to bring an action under the statute, in many instances, the exact nature and extent of injuries may not be fully known. Such a description was sufficient to "prompt [the defendant] to make such inquiries as he might deem necessary or prudent for the preservation of his interests . . . ." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 354.

We conclude that the plaintiff's description of his injuries was sufficient to meet the reasonable definiteness test. Therefore, the court properly concluded that the notice did not patently fail to meet the statutory requirements and denied the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] Although *Martin* involved a discussion of the notice requirement of General Statutes § 13a-149, the municipal highway defect statute, we see no reason not to treat the statutes consistently in the present context. See *Smith* v. *New Haven*, 258 Conn. 56, 64 n.6, 779 A.2d 104 (2001).