ADALBERT H. MCINTOSH, SR. *v.* JAMES F. SULLIVAN, COMMISSIONER OF TRANSPORTATION
(AC 22753)

Foti, Bishop and West, Js.

Argued March 18—officially released July 1, 2003

*Louis B. Blumenfeld,* with whom, on the brief, were *William J. Scully* and *Lorinda S. Coon,* for the appellant (defendant).

*Bruce W. Diamond*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, James F. Sullivan, the commissioner of transportation, appeals from the court's denial of his motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.[1] The defendant claims that the court improperly concluded that sovereign immunity did not deprive the court of subject matter jurisdiction over the plaintiff's claim because it fell within the scope of the state highway defect statute, General Statutes § 13a-144,[2] which waives the state's sovereign immunity. The defendant maintains on appeal that the plaintiff's allegations fall outside the scope of § 13a-144 because (1) the plaintiff was not injured by a highway defect and (2) the § 13a-144 does not apply to alleged defects in the highway's design. We affirm the judgment of the trial court.

The record reveals the following procedural history. Pursuant to § 13a-144, the plaintiff, Adalbert H. McIntosh, Sr., served notice of his intent to file a claim against the defendant. Thereafter, on February 5, 2001, the plaintiff filed a complaint asserting that the defendant had breached his statutory duty to repair and to maintain the state's highways imposed by § 13a-144.[3]

---

[1] Although a denial of a motion to dismiss is interlocutory in nature and ordinarily not a final judgment for the purpose of an appeal, our Supreme Court has held that when the motion is based on a colorable claim of sovereign immunity, a denial of a motion to dismiss is a final judgment from which an appeal may lie. *Shay* v. *Rossi*, 253 Conn. 134, 164–65, 749 A.2d 1147 (2000) (en banc).

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[3] The complaint incorrectly refers to General Statutes § 7-144.

The plaintiff alleges the defendant breached his duty in that he (1) located the highway close to raised rocky cliffs, (2) made no attempt or an inadequate attempt to stabilize loose rocks, (3) failed to erect sufficient barriers to

In the complaint, the plaintiff alleges that on the morning of March 1, 2000, he was operating a motor vehicle in the eastbound lane of the highway connecting the exit twenty-three off ramp of Interstate 84 and Route 69 in Waterbury when "a large quantity of rocks, boulders, ice and dirt" dislodged from an area adjacent to the highway and struck the vehicle, injuring him.

The defendant filed an answer to the complaint on April 18, 2001, denying any breach of duty. On July 20, 2001, the defendant filed a motion to dismiss the plaintiff's claim, arguing that sovereign immunity deprived the court of subject matter jurisdiction. See Practice Book § 10-33.

The court, *Holzberg, J.,* denied the defendant's motion on December 10, 2001. The defendant filed a motion to reargue, which the court also denied, briefly noting: "The defendant's claim challenges liability, not the jurisdiction of the court."[4] This appeal followed.

Our standard of review in such cases is well settled. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a

prevent falling rocks and debris from entering the highway and falling onto or in the path of vehicles using the highway, (4) failed to place warning signs in the area, (5) failed to make the highway reasonably safe for its intended purpose, (6) knew or should have known of the dangerous condition and failed to correct it, (7) failed to correct the condition, which had existed for a sufficient period of time to have given the defendant notice of the condition and (8) failed to make reasonable investigations of the highway to detect potential danger.

[4] We note that the record does not contain a memorandum of decision or a signed transcript of an oral decision. Nevertheless, because the essential facts are undisputed and the claim involves a question of law, the record is adequate for review. See *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.,* 254 Conn. 387, 395-96, 757 A.2d 1074 (2000) (where de novo review applies and facts are not disputed, precise legal analysis undertaken by trial court not essential to reviewing court's review of issue on appeal).

manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Furthermore, whether subject matter jurisdiction exists is a question of law, and our review of the court's resolution of that question is plenary." (Citation omitted; internal quotation marks omitted.) *Berlin Batting Cages, Inc.* v. *Planning & Zoning Commission*, 76 Conn. App. 199, 203–204, 821 A.2d 269 (2003).

We first address the defendant's claim that the plaintiff was not injured by a highway defect because the rocks and other debris that struck the plaintiff's automobile did not amount to a defect within the scope of § 13a-144. We disagree.

In *Tyson* v. *Sullivan*, 77 Conn. App. 597, 606, 824 A.2d 857 (2003), we recently held that an allegation that rocks and debris fell from an adjacent rock ledge onto a vehicle in the traveled portion of a highway could constitute a defective condition within the scope of § 13a-144.[5] The present action involves the identical condition discussed in *Tyson*, and any further discussion would simply be repetitive of our analysis in that case. We therefore conclude that the court properly determined that sovereign immunity did not deprive the court of subject matter jurisdiction and denied the defendant's motion to dismiss.

The defendant also claims that § 13a-144 does not apply to the plaintiff's allegations that suggest defects in the highway's design. Having concluded that the court has subject matter jurisdiction over the complaint, we need not address that claim. To the extent that the issue is not subsumed by our previous discus-

---

[5] *Tyson* involved a highway defect action brought by a passenger allegedly injured in the same incident at issue here. We heard oral arguments in both actions on March 18, 2003.

sion in *Tyson*, the defendant may raise the issue by way of an appropriate motion to the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.