MARIA DECONTI *v.* ROBERT MCGLONE ET AL.
(AC 24745)

Lavery, C. J., and Schaller and Hennessy, Js.

Argued January 11—officially released March 29, 2005

*Patrick Tomasiewicz,* with whom, on the brief, was *T. R. Paulding, Jr.,* for the appellant (plaintiff).

*Irena J. Urbaniak,* city attorney, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiff, Maria DeConti, appeals from the judgment of the trial court rendered after it granted the defendants' motion to strike the amended complaint. On appeal, the plaintiff claims that the court improperly struck her amended complaint. We affirm the judgment of the trial court.

The following facts are relevant to the present appeal.[1] On June 11, 2000, the plaintiff was driving her automobile on Maple Street in New Britain, when a rotted tree fell on her automobile and crushed it. The tree was located in front of 281 Maple Street, approximately five houses from the plaintiff's residence, on property owned, controlled or maintained by the defendant city of New Britain (city). Following the accident, the plaintiff initiated this action, claiming that her injuries were a result of negligence by the defendant Robert McGlone, the superintendent of parks for the city, and the defendant parks and recreation commission for the city, and seeking indemnification from the city. The defendants filed a motion to strike the amended complaint on the ground that McGlone's and the commission's actions were insulated by governmental immunity. The court granted the defendants' motion, and this appeal followed.

We begin by noting "[t]he standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary.

---

[1] "For the purpose of ruling upon a motion to strike, the facts alleged in a complaint . . . are deemed to be admitted." (Internal quotation marks omitted.) *Del Core* v. *Mohican Historic Housing Associates*, 81 Conn. App. 120, 121, 837 A.2d 902 (2004); see also Practice Book § 10-39 (motion to strike tests legal sufficiency of claim).

. . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Connecticut Carpenters Benefit Funds* v. *Burkhard Hotel Partners II, LLC*, 83 Conn. App. 352, 361, 849 A.2d 922 (2004). "[W]here it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." *Doe* v. *Board of Education*, 76 Conn. App. 296, 299 n.6, 819 A.2d 289 (2003).

"The [common-law] doctrines that determine the tort liability of municipal employees are [similarly] well established. . . . Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . .

"A municipal employee's immunity for the performance of discretionary governmental acts is, however, qualified by three recognized exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where

the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted; internal quotation marks omitted.) *Spears* v. *Garcia*, 263 Conn. 22, 35–36, 818 A.2d 37 (2003). The first exception has been expanded "to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." *Burns* v. *Board of Education*, 228 Conn. 640, 646, 638 A.2d 1 (1994).

In the present case, the duty to inspect and to care for trees undoubtedly involves the exercise of judgment, and, as such, is properly classified as a discretionary act. See, e.g., *Roman* v. *Stamford*, 16 Conn. App. 213, 221–22, 547 A.2d 97 (1988), aff'd, 211 Conn. 396, 559 A.2d 710 (1989). The inquiry thus becomes whether the action fits within the identifiable person subject to imminent harm exception to the governmental immunity doctrine.[2]

The plaintiff first argues that because she lives in close proximity to the tree in question, she is an identifiable victim. We disagree.

As authority for her argument, the plaintiff cites *Doherty* v. *Ansonia*, Superior Court, judicial district of Ansonia-Milford, Docket No. 63624 (October 30, 2001), and *Metropolitan Property & Casualty Ins. Co.* v. *Fairfield*, Superior Court, judicial district of Fairfield,

[2] The plaintiff briefed only the first exception to the governmental immunity doctrine. Although she supplemented her brief by referring this court to *Tyson* v. *Sullivan*, 77 Conn. App. 597, 824 A.2d 857, cert. denied, 265 Conn. 906, 831 A.2d 254 (2003), that apparent attempt to draw her case within the second exception to governmental immunity is unavailing. *Tyson* involved a claim for damages under General Statutes § 13a-144. *Tyson* v. *Sullivan*, supra, 597. Because this case was not brought pursuant to § 13a-144, and the plaintiff has not provided this court with any analysis to show the applicability of *Tyson* to the present case, we will not review this claim. "We will not review claims absent law *and analysis*." (Emphasis added; internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 27 n.2, 787 A.2d 43 (2001). We therefore address only the plaintiff's claim that she was an identifiable person subject to imminent harm.

Docket No. 339264 (May 8, 2002) (32 Conn. L. Rptr. 89). Those cases, however, are easily distinguishable in that each involved a rotted tree falling on a house rather than on an automobile. In fact, in *Doherty*, the court stated that "it is clear that the plaintiffs would not be identifiable persons, or an identifiable class of foreseeable victims, if they were either unfortunate persons driving in a vehicle or pedestrians walking along a sidewalk who happened to be struck by a falling tree limb."

More directly on point is *Roman* v. *Stamford*, supra, 16 Conn. App. 213. There, we concluded that a person driving a vehicle who is struck by a falling tree limb is not an identifiable victim for the purpose of governmental immunity. Id. Because we conclude that *Roman* is still good law, we decline the plaintiff's invitation to further limit the protection afforded municipal employees by expanding the first exception to the defense of governmental immunity.

The plaintiff next argues that she was required to drive on Maple Street as a result of the location of her house and, as such, she was an identifiable victim. Again, we are not persuaded.

In *Burns* v. *Board of Education*, supra, 228 Conn. 650, our Supreme Court held that students who were "compelled by statute to be on . . . school grounds" were a narrowly defined identifiable class of victims. Connecticut courts have consistently denied relief absent a requirement that the plaintiff be present at the location where the injury occurred, as the cases cited in the plaintiff's brief illustrate. See *Prescott* v. *Meriden*, 80 Conn. App. 697, 703, 836 A.2d 1248 (2003) (parent injured while watching son play at high school football game not required to be at game), cert. granted on other grounds, 268 Conn. 901, 845 A.2d 405 (2004); *Johnson* v. *New Haven*, Superior Court, judicial district of New

Haven at Meriden, Docket No. 282191 (February 23, 2004) (parent injured while visiting child's school voluntarily, not required to be there).

The plaintiff has not cited any statute, regulation or municipal ordinance that compelled her to drive her car on the stretch of Maple Street where the accident occurred.[3] She has not shown that her decision to take that particular route was anything but a voluntary decision that was made as a matter of convenience. We therefore cannot conclude that she was "required" to use the portion of the roadway where the accident occurred.

Accepting as true all facts alleged in the amended complaint, the plaintiff has failed to show that she is an identifiable victim or a member of a narrowly defined identified class of victims as required to fit within the first exception to the governmental immunity doctrine. Because that is the only applicable exception, the plaintiff's amended complaint was legally insufficient, and the motion to strike properly was granted.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The plaintiff did not allege that she lives on a cul-de-sac, wherein her ingress to and egress from her residence necessitates travel over the portion of the roadway where the accident occurred. Hence, we need not determine whether such a scenario would create an identifiable class of victims.