LINDA OBERLANDER *v.* JAMES F. SULLIVAN ET AL.
(AC 21619)

Mihalakos, Bishop and Daly, Js.

Argued March 22—officially released July 9, 2002

*Ronald D. Williams, Jr.*, for the appellant (named defendant).

*Margaret J. Slez*, for the appellee (plaintiff).

BISHOP, J. The defendant James F. Sullivan, in his official capacity as commissioner of transportation (commissioner), appeals following the trial court's denial of his motion to dismiss the present action for lack of subject matter jurisdiction.[1] The sole issue on appeal is whether the court properly concluded that the plaintiff, Linda Oberlander,[2] had provided adequate notice of her injuries and their cause to the commissioner, as required by General Statutes § 13a-144.[3]

The following procedural history is relevant to our resolution of the commissioner's appeal. On November 17, 1997, the commissioner received a letter from the plaintiff in which she contended that a defect in a roadway had caused her to fall and suffer injuries. The letter stated in relevant part: "Date & time of occurrence: September 16, 1997, approximately 8:10 a.m.

"Location of occurrence: At the intersection of McLaren Road and Mansfield Avenue in Darien, Connecticut, approximately 14 feet from the designated

---

[1] Although the American Water Company and the American Waterworks Service Company also were named as defendants, they are not parties to this appeal, as the motion to dismiss was brought only by the commissioner and involved only the first count of the plaintiff's complaint.

[2] The town of Darien intervened as a plaintiff and filed a complaint seeking reimbursement for certain workers' compensation payments it has paid or may become obligated to pay to the plaintiff. Because the town of Darien is not a party to this appeal, we refer in this opinion to Linda Oberlander as the plaintiff.

[3] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

cross walk on Mansfield Avenue. (See enclosed diagram)

"Injuries sustained: At this time, Ms. Oberlander suffers from sprain/strain to her left hip, left knee, back and buttocks.

"Cause of injuries: Improperly maintained and deteriorated pavement around water company pipe 'cap.' "

The diagram depicted a crosswalk on Mansfield Avenue and its location relative to McLaren Road. According to the diagram, McLaren Road ran perpendicular to Mansfield Avenue, intersected it and ended at that point, forming a "T" intersection. A water pipe cover was depicted fourteen feet south of the crosswalk and ten feet to the west of the curb opposite McLaren Road on Mansfield Avenue.

On October 5, 1999, the plaintiff commenced an action against the commissioner, the American Water Company and the American Waterworks Service Company. In count one of her complaint, which concerns the commissioner, the plaintiff alleges in relevant part: "4. At all times hereinafter mentioned the intersection of McLaren Road and Mansfield Avenue, in Darien Connecticut was a public highway included in the state highway system.

"5. On 9/16/97 at about 8:10 AM the plaintiff was the school crossing guard at said intersection, when, as she was backing away from the crossing, while keeping [an] eye on her charges, she stepped on [an] American Waterworks Service Company pipe 'cap' which was loose as a result of improperly maintained and deteriorated pavement, and lying in the roadway causing her to fall all of which caused the plaintiff to sustain and suffer the severe personal injuries and losses hereinafter set forth."

On October 6, 2000, the plaintiff and Gary Pavia, a lieutenant in the Darien police department, were deposed. The plaintiff testified as follows. On the first day of school of the 1997-98 academic year, she noticed that a water pipe cover consisting of two or more pieces had come loose from a water valve located on Mansfield Avenue near the crosswalk.[4] One piece, a "cylinder," was on the side of the street near the curb, and another piece, a "cap," was in one of the travel lanes. The plaintiff moved the cap to the side of the street. Approximately two weeks later, on September 16, 1997, the plaintiff tripped over the cap after helping some schoolchildren cross Mansfield Avenue.

Pavia testified as follows. He was dispatched to the scene following a report that a person had fallen and suffered injuries. At the scene, the plaintiff informed him that she had "tripped over the cap from the valve that was approximately two inches from the curb." He observed the cap, which was near the curb, and asked the plaintiff if she had moved it since tripping over it. She informed him that she had not. He then photographed the scene.

On October 31, 2000, the commissioner filed a motion to dismiss count one of the complaint. In his motion, the commissioner argued that the plaintiff had not provided adequate notice of her injuries and their cause to the commissioner as required by § 13a-144 and, therefore, count one was barred by the doctrine of sovereign immunity. Consequently, the commissioner argued, the court was required to dismiss count one because the court did not have subject matter jurisdiction. Excerpts of the two depositions as well as xerographic copies of two photographs of the scene were included with the motion.[5]

---

[4] During her deposition, the plaintiff testified that she had noticed that "[t]he cap was out of the hole."

[5] Hereinafter, those attachments will be referred to collectively as "the exhibits."

On January 25, 2001, the court denied the motion to dismiss, concluding that "the description in the plaintiff's notice of claim was sufficiently detailed to provide the [commissioner] with enough information to investigate the plaintiff's claim." On February 13, 2001, the commissioner, pursuant to the rule of *Shay* v. *Rossi*, 253 Conn. 134, 167, 749 A.2d 1147 (2000) (en banc), appealed from the denial of his motion.[6]

We now set forth the legal principles that guide our analysis. "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . ." (Citation omitted; internal quotation marks omitted.) *Bresnan* v. *Frankel*, 224 Conn. 23, 25–26, 615 A.2d 1040 (1992). The state, through § 13a-144, has waived its sovereign immunity in civil suits in which relief is sought for an injury allegedly caused by a defective highway, provided the commissioner of transportation had a duty to keep the highway at issue in repair. See footnote 3; see also *Bresnan* v. *Frankel*, supra, 26. The notice required under § 13a-144 is a condition precedent to the cause of action, however, and if that requirement is not met, no cause of action exists. *Warkentin* v. *Burns*, 223 Conn. 14, 17–18, 610 A.2d 1287 (1992). "The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts *upon which a claim for damages [is] being made*." (Emphasis in original; internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 354, 636 A.2d 808 (1994).

[6] In *Shay* v. *Rossi*, supra, 253 Conn. 167, our Supreme Court held that "in a civil case the denial of a motion to dismiss, filed on the basis of a colorable claim of sovereign immunity, must be regarded . . . as an immediately appealable final judgment."

"The notice need not be expressed with the fullness and exactness of a pleading. . . . Under § 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citation omitted; internal quotation marks omitted.) Id., 356–57. "Unless a notice, in describing the place or cause of an injury, *patently* meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." (Emphasis added; internal quotation marks omitted.) Id., 354.

"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Martinez* v. *Dept. of Public Safety*, 258 Conn. 680, 683, 784 A.2d 347 (2001). We acknowledge that "[a] determination regarding a trial court's subject matter jurisdiction is a question of law"; (internal quotation marks omitted) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999); and, accordingly, our review is plenary. Id. Additionally, we note that "[i]t is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Id., 410–11. We follow that rule in assessing the allegations of the complaint for the purpose of relating them to the claims initially set forth in the notice.

On appeal, the commissioner argues that a review of the notice, count one of the complaint and the exhibits discloses that the plaintiff failed to satisfy the notice requirement of § 13a-144. In support of his argument,

the commissioner contends that the plaintiff misidentified (1) the location of the alleged fall and (2) the defect that allegedly had caused the plaintiff to suffer injuries. Regarding the former, the commissioner emphasizes that the diagram enclosed with the letter of notice indicates that the plaintiff tripped ten feet west of the curb whereas the exhibits indicate strongly that the plaintiff actually tripped only two inches west of it. Regarding the latter, the commissioner emphasizes that the letter of notice states that the cause of the plaintiff's injuries was the "[i]mproperly maintained and deteriorated pavement around water company pipe 'cap' " whereas the complaint alleges and the exhibits indicate strongly that the defect that ultimately caused her to trip was the presence of the loose cap near the curb.[7] Thus, according to the commissioner, the plaintiff did not notify him of the immediate cause of her injuries. For those reasons, the commissioner maintains that the plaintiff failed to provide notice sufficient to enable him to gather information about the case intelligently.

We are not persuaded by the arguments advanced by the commissioner. We agree with the commissioner that the location of the alleged trip and fall was not accurately specified in the diagram enclosed with the letter of notice. Exhibits consisting of deposition testimony indicate that the location of the plaintiff's alleged fall was approximately thirteen feet, ten inches, to the west of the location shown on the diagram attached to the notice. Under the circumstances of the present case, however, that discrepancy is not fatal to the adequacy of the notice because the plaintiff has consistently claimed

[7] "Our Supreme Court has defined a highway defect as [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *DiDomizio* v. *Frankel*, 44 Conn. App. 597, 601, 691 A.2d 594 (1997), quoting *Hall* v. *Burns*, 213 Conn. 446, 461–62, 569 A.2d 10 (1990).

that the alleged highway defect was "improperly maintained and deteriorated pavement," and the description of the location of the alleged defective pavement has not changed from the original notice provided to the defendant. In her complaint, the plaintiff alleges that "she stepped on [an] American Waterworks Service Company pipe 'cap' which was loose as a result of improperly maintained and deteriorated pavement, and lying in the roadway causing her to fall . . . ." Because the plaintiff, both in her letter of notice and in her complaint, alleges that the highway defect that caused her injuries was the condition of the pavement, the precise location of the cap that she allegedly tripped over is not an indispensable element of the notice required by § 13a-144. Whether the plaintiff can satisfy her burden of proof that the allegedly defective condition of pavement several feet from the location of her fall was its proximate cause and that the presence of the cap merely was a condition proximately caused by the allegedly defective condition are questions of fact for the jury's determination.

On the basis of the foregoing reasons, we conclude that the plaintiff did not patently fail to provide the commissioner notice sufficient to enable him to gather information about the case intelligently.

The denial of the motion to dismiss is affirmed.

In this opinion the other judges concurred.