KAREN FRANDY *v.* COMMISSIONER OF
TRANSPORTATION ET AL.
(AC 32979)

Lavine, Alvord and Borden, Js.

Argued October 24—officially released December 27, 2011

*Ronald D. Williams, Jr.*, for the appellant (named defendant).

*Christopher D. DePalma*, with whom, on the brief, was *Dennis W. Gillooly*, for the appellee (plaintiff).

Opinion

ALVORD, J. The defendant commissioner of transportation, Joseph Marie, appeals from the judgment of the trial court denying his motion to dismiss the first count of the complaint filed by the plaintiff, Karen Frandy.[1] On appeal, the defendant argues that the trial court improperly denied the motion to dismiss for a lack of subject matter jurisdiction because the written notice provided to the defendant by the plaintiff, pursuant to General Statutes § 13a-144, was fatally defective for failing to set forth a general description of the cause of the injury. Because we agree with the defendant that the plaintiff failed to file proper notice and because defective written notice under § 13a-144 implicates sovereign immunity, thereby depriving the court of subject matter jurisdiction, we conclude that the plaintiff's action under the first count of the complaint is barred.[2] Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the defendant's appeal. On

[1] The second count of the complaint was directed at the defendant town of North Haven. For clarity and convenience, we refer to the commissioner of transportation as the defendant throughout this opinion.

[2] We note that "the denial of a motion to dismiss based on a colorable claim of sovereign immunity is a final judgment for the purposes of appeal." *Shay* v. *Rossi*, 253 Conn. 134, 164, 749 A.2d 1147 (2000), overruled in part on other grounds by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003).

September 15, 2009, at approximately 4 p.m., the plaintiff alleges that she was riding her bicycle on the east side of State Street in North Haven when she fell from the bicycle due to a hole in the road. On November 16, 2009, the plaintiff sent a notice of claim to the defendant pursuant to § 13a-144. The notice included the following as the cause of injury: "Plaintiff's injuries were caused as a result of the defective condition of the pavement which caused her to be thrown from her bicycle." The plaintiff served her complaint on March 31, 2010, in which she alleged for the first time that the defective condition of the pavement was a hole in the road. The defendant filed a motion to dismiss the first count of the complaint for lack of subject matter jurisdiction on August 30, 2010. After a hearing, the court denied the motion to dismiss on November 30, 2010, stating that the notice provided to the defendant was reasonable. This appeal followed.

The defendant claims that the court improperly denied his motion to dismiss based on grounds of sovereign immunity, thereby depriving the court of subject matter jurisdiction, because the plaintiff's notice of claim was defective pursuant to § 13a-144. We agree.

Our Supreme Court has stated many times that the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. *Amore* v. *Frankel*, 228 Conn. 358, 364, 636 A.2d 786 (1994). It has also recognized that "the state can consent to be sued and that [t]he state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of [§ 13a-144]. . . . Therefore, when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity." (Citation omitted; internal quotation marks omitted.) Id., 364–65. "Section 13a-144 [however]

constitutes only a limited waiver of the state's sovereign immunity in cases involving alleged highway defects. . . . Furthermore, because the statute constitutes a break with common law, it must be strictly construed." (Citation omitted.) *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 349, 636 A.2d 808 (1994).

Section 13a-144 provides in relevant part: "No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same *and of the cause thereof* and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ." (Emphasis added.) "The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity." *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 354.

"Ordinarily, the question of the adequacy of the notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citation omitted; internal quotation marks omitted.) *Bresnan* v. *Frankel*, 224 Conn. 23, 27–28, 615 A.2d 1040 (1992).

"The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently . . . and to protect the state's interests." (Citations omitted; internal quotation marks omitted.) Id., 26. "If this purpose is to be served the 'cause' of the injury which is required to be stated must be interpreted to mean the defect or defective condition of the highway which

brought about the injury." *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401, 167 A. 826 (1933).

The plaintiff's notice of claim fails to state a cause of the injury as required by § 13a-144. The plaintiff's notice merely states that the cause of the plaintiff's bicycle accident was due to "the defective condition of the pavement" but it does not specify the precise nature of the claimed defect. This description patently fails to meet the statutory requirements.

"When we turn to a consideration of the notice of injury given in the case at bar, it becomes immediately apparent that it fails to specify the defect in the highway which resulted in injury to the plaintiff. The cause of the injury required to be stated must be interpreted to mean the defect or defective condition of the highway which brought about the injury. . . . Was it a large, small or medium hole, a ditch, a gully, a rut, a depression, or the elevation of a portion of the sidewalk, or perhaps the failure of the city effectively to remove snow or ice accumulated thereon? What was the city to look for in the protection and preservation of its interests, and to enable it properly to prepare a defense, if any, against the claim of the plaintiff? Certainly the use of the words neglect, maintenance and repair gives no clue whatsoever as to the direct cause of the fall in question, nor do the words give any indication of that which occasioned or produced the fall. . . . In practical effect, such words amount to nothing more than the use of unnecessary embellishment in a notice of injury. It is sufficient and customary in defective highway cases to state that the cause was a specified defective condition, without further statement that it in turn was due to negligence in failing to keep the highway in repair or otherwise." (Citations omitted; internal quotation marks omitted.) *Ross* v. *New London*, 3 Conn.

Cir. Ct. 644, 646–47, 222 A.2d 816, cert. denied, 154 Conn. 717, 221 A.2d 272 (1966).[3]

The plaintiff argues that we should read the notice of claim holistically and consider that, because she was able to pinpoint the exact location of her accident and provided that information in the notice, the notice should not be considered defective with regard to the cause of the injury. Alternatively, she argues that we should read the notice of claim in conjunction with her complaint. We disagree with the plaintiff.

In making her argument, the plaintiff first claims that she properly described the cause of the injury as a "defect" in the pavement. The plaintiff relies on *Oberlander* v. *Sullivan*, 70 Conn. App. 741, 799 A.2d 1114, cert. denied, 261 Conn. 924, 806 A.2d 1061 (2002), to support this claim. In *Oberlander*, the notice provided that the cause of the plaintiff's injury was "[i]mproperly maintained and deteriorated pavement around water company pipe cap." (Internal quotation marks omitted.) Id., 743. Deterioration around a water company pipe cap is a description of the condition as it is alleged to have caused the accident in that case. Here, the plaintiff's notice provided the cause of the injury as simply the "defective condition of the pavement." This conclusory phrase is not a description of the relevant highway defect.

The plaintiff next claims that because she provided the exact location of the alleged "defective" pavement, her notice was sufficient under a reasonableness standard. The plaintiff cites no case in which a reasonableness standard was used to find a notice of claim sufficient where one of the five statutorily required elements was omitted. See *Martin* v. *Plainville*, 240 Conn. 105, 112, 689 A.2d 1125 (1997). The defendant

---

[3] Although this case is not binding precedent, we find the reasoning of the court persuasive.

could not be expected to gather information to protect himself in a lawsuit without knowing the nature of the defect, regardless of whether he knew exactly where the defect was located. Id., 112–13.

Finally, the plaintiff argues that we should find her notice of claim sufficient by considering it in conjunction with her complaint, in which she describes the cause of the accident as a hole in the road. "Although . . . § 13a-144 provides in part that '[t]he requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice,' the plaintiff's complaint was not filed within the ninety days provided under the statute. Therefore, the complaint cannot be considered for the purposes of meeting the notice requirement." *Bresnan* v. *Frankel*, supra, 224 Conn. 25 n.2. The subject accident occurred on September 15, 2009. The complaint was served on March 31, 2010, significantly beyond the ninety day period in which notice had to be filed with the defendant. Therefore, the plaintiff's argument is without merit.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss the complaint as to the defendant and to render judgment for the defendant.

In this opinion the other judges concurred.