******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ERIC BOYKIN *v.* STATE OF
CONNECTICUT ET AL.
(AC 39392)

Lavine, Alvord and Beach, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, the state of
Connecticut and the Commissioner of Transportation, for injuries he
sustained as a result of an allegedly defective crosswalk button when
he was struck by a vehicle while he was walking in a pedestrian cross-
walk. The trial court granted the defendants' motion to dismiss for lack
of subject matter jurisdiction and rendered judgment for the defendants,
from which the plaintiff appealed to this court. The defendants claimed
that the written notice of claim that the plaintiff filed pursuant to the
state highway defect statute (§ 13a-144) was patently defective because
it failed to provide the defendants with sufficient notice of the cause
of the injuries that the plaintiff alleged. The trial court concluded that
because the written notice of claim, which constitutes a waiver of the
state's sovereign immunity, failed to state sufficiently the cause of the
injuries alleged by the plaintiff, it failed to meet the minimum require-
ments of § 13a-144, thereby depriving the court of subject matter jurisdic-
tion. The notice stated that the plaintiff was injured because, inter alia,
the defendants were negligent in failing to place a pedestrian crosswalk
button at the intersection, and to inspect and repair the crosswalk button
so as to provide a safe pedestrian crosswalk. *Held* that the trial court
improperly granted the defendants' motion to dismiss, as the plaintiff's
written notice of claim provided sufficient information as to the cause
of his injury to permit the commissioner to gather information about
the case intelligently and, therefore, was not patently defective; the
plaintiff provided the defendants with notice that the condition or
absence of a crosswalk button at the intersection caused his injury, and
the notice informed the defendants of his intent to file a claim and
furnished them with a guide as to how to conduct further inquiries to
protect their interests.

Argued October 19, 2017—officially released January 9, 2018

*Procedural History*

Action to recover damages for personal injuries sus-
tained as a result of an allegedly defective state highway,
and for other relief, brought to the Superior Court in
the judicial district of Fairfield, where the court, *Wenzel*,
*J.*, granted the defendants' motion to dismiss and ren-
dered judgment thereon, from which the plaintiff
appealed to this court. *Reversed; further proceedings.*

*Brendon P. Levesque*, with whom were *Scott T. Garos-
shen* and, on the brief, *Kimberly A. Knox*, for the
appellant (plaintiff).

*Kevin S. Coyne*, with whom, on the brief, was *Joseph
M. Walsh*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Eric Boykin, appeals from the judgment of the trial court dismissing the present action against the defendants, the state of Connecticut and James P. Redeker, Commissioner of Transportation (commissioner),[1] for lack of subject matter jurisdiction. The plaintiff claims that the court improperly concluded that sovereign immunity deprived it of subject matter jurisdiction because his written notice of claim pursuant to the state highway defect statute, General Statutes § 13a-144,[2] was patently defective in its description of the cause of his injury. We agree with the plaintiff, and accordingly, reverse the judgment of the trial court.

The record reveals the following procedural history. On November 16, 2015, the plaintiff filed a single count complaint, in which he alleged that on or about December 26, 2014, he was struck by a vehicle while walking north on the western side of East Main Street in the pedestrian crosswalk at the entrance of Interstate 95 south in Bridgeport. By a letter dated February 13, 2015, the plaintiff sent written notice of his intent to bring an action pursuant to § 13a-144 for personal injuries sustained as a result of the incident. The commissioner received the notice on February 17, 2015. The notice described the cause of injury as follows: "On December 26, 2014 at approximately 6:06 p.m., Eric Boykin was injured due to the negligence [of the] State of Connecticut Department of Transportation, who failed to place a pedestrian cross walk button at the intersection of East Main St., and I-95, Bridgeport, CT, failed to inspect the pedestrian crossing, failed to repair the pedestrian cross walk button and failed to provide a safe pedestrian cross walk for pedestrians such as the plaintiff."[3]

On February 18, 2016, the commissioner filed a motion to dismiss for lack of subject matter jurisdiction. In his memorandum of law in support of the motion to dismiss, the commissioner argued that the plaintiff's claim did not fall within § 13a-144's waiver of sovereign immunity because the written notice was patently defective. Specifically, the commissioner argued, in relevant part, that "the notice is fatally defective as to setting forth a general description of the cause of the particular injury."[4] The commissioner contended that "[b]ased upon the notice, the commissioner has absolutely no idea how the particular injury occurred or what the cause of the injury was. The notice contains nothing more than bald allegations of responsibility . . . without specifying the specific nature or cause." On April 29, 2016, the plaintiff filed an objection to the commissioner's motion to dismiss, arguing that the written notice satisfied the requirements of § 13a-144 because it provided a "general description" of the cause of injury, as required by the language of the statute.

On May 6, 2016, after a hearing, the court granted

the commissioner's motion to dismiss. In its memorandum of decision, the court stated that it relied on this court's decision in *Frandy* v. *Commissioner of Transportation*, 132 Conn. App. 750, 34 A.3d 418 (2011), cert. denied, 303 Conn. 937, 36 A.3d 696 (2012), and reasoned that "[t]he more the court reads [the] language [of the notice], the more ambiguous and open-ended it appears. Suffice it to say that how any of these claimed features caused injuries to plaintiff simply does not appear. Uncertainty begins with the inconsistent statements that the state failed to place a crosswalk button at this location and then failed to repair the crosswalk button. . . . The claims that the state was negligent or that the crosswalk was unsafe are simply conclusions and add nothing to the notice in terms of helping the reader understand how such caused the claimed injury." The court concluded that the notice failed to meet the minimal requirements of § 13a-144 by failing to state sufficiently the cause of the injuries alleged and, therefore, the state's sovereign immunity was not waived, depriving the court of subject matter jurisdiction. This appeal followed.

We begin by setting forth the standard of review and legal principles that guide our analysis. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . Moreover, [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

The plaintiff brought this action pursuant to § 13a-144, which provides a waiver of the state's sovereign immunity[5] in civil actions alleging injuries caused by defective state highways or sidewalks. The statute provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years

from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . .” General Statutes § 13a-144.

“[Section] 13a-144 created a new cause of action not authorized at common law, in derogation of sovereign immunity. The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity. . . . The notice [mandated under § 13a-144] is to be tested with reference to the purpose for which it is required. . . . The [notice] requirement . . . was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made. . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . [In other words] [t]he purpose of the requirement of notice is to furnish the [commissioner] such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . . Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. . . . [U]nder § 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently.” (Citations omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, supra, 273 Conn. 8–10.

“The cause of the injury required to be stated must be interpreted to mean the defect or defective condition of the highway which brought about the injury. . . . It is sufficient and customary in defective highway cases to state that the cause was a specified defective condition, without further statement that it in turn was due to negligence in failing to keep the highway in repair or otherwise.” (Internal quotation marks omitted.) *Frandy* v. *Commissioner of Transportation*, supra, 132 Conn. App. 754.

On appeal, the plaintiff argues that he “provided the defendants with more than sufficient information to investigate the pedestrian crosswalk button at the speci-

fied location." Specifically, he contends that "the notice made clear that the negligence centered around the crosswalk button, the lack of safety of the intersection included the failure to have or repair a crosswalk button, the failure to inspect the intersection or crosswalk button, leading to an unsafe pedestrian crosswalk." The commissioner responds that "[g]iven the limited amount of information provided by the plaintiff, it was impossible for the defendants to conduct a meaningful inquiry or develop a defense to the plaintiff's claim. The defendants could not know whether the specific defect was a pothole, a streetlight failure, or an automobile driving into the crosswalk. Without being provided with that knowledge, the defendants are left to guess as to what caused the plaintiff's alleged injuries. Accordingly, the plaintiff's notice is patently defective." We do not agree that the notice is patently defective.

We conclude that the plaintiff's notice provided sufficient information as to the cause of his injury to permit the commissioner to gather information about the case intelligently and, therefore, was not patently defective. We disagree with the commissioner that "each of the plaintiff's assertions in the notice with respect to causation fail to properly advise the defendants of the mechanism by which he was injured."[6] On the contrary, the notice provides sufficient information that would allow the commissioner to investigate the alleged defects that made the crosswalk unsafe (i.e., the crosswalk button, or lack thereof, at the pedestrian crosswalk of the described intersection).

In reaching its decision, the trial court stated that it relied on this court's decision in *Frandy*. The plaintiff in *Frandy* alleged that she was injured while riding her bicycle on State Street in North Haven. *Frandy* v. *Commissioner of Transportation*, supra, 132 Conn. App. 752. The plaintiff sent a written notice of claim to the commissioner describing the cause of injury as follows: "Plaintiff's injuries were caused as a result of the defective condition of the pavement which caused her to be thrown from her bicycle." (Internal quotation marks omitted.) Id. The plaintiff served her complaint more than four months later, in which she alleged for the first time that " 'the defective condition of the pavement' " was a hole in the road. Id. The commissioner filed a motion to dismiss one count of the complaint on the basis of a lack of subject matter jurisdiction. After a hearing, the trial court denied the motion to dismiss. Id.

On appeal, the commissioner in *Frandy* argued that the trial court improperly denied his motion to dismiss because the plaintiff's notice of claim was defective in that it failed to state a cause of injury as required by § 13a-144. Id., 754. This court agreed and reversed the judgment of the trial court. Id., 754, 756. This court concluded that the plaintiff's notice patently failed to

meet the statutory requirement that the notice provide a general description of the cause of injury because it "merely state[d] that the cause of the plaintiff's bicycle accident was due to 'the defective condition of the pavement' but it [did] not specify the precise nature of the claimed defect." Id., 754. This court characterized the plaintiff's description of her cause of injury as a "conclusory phrase"; id., 755; that would not provide the commissioner the opportunity to "gather information to protect himself in a lawsuit . . . ." Id., 756.

We conclude that the present case is distinguishable from *Frandy*. In *Frandy*, the plaintiff's notice only alleged that her injuries were caused by the "defective condition of the pavement which caused her to be thrown from her bicycle." (Internal quotation marks omitted.) Id., 752. It provided no further indication of what defect or defective condition caused the plaintiff to be thrown from her bicycle. Until the plaintiff served her complaint, which was served beyond the ninety day period in which notice had to be filed, the plaintiff provided the commissioner with no indication that her injuries were caused by a hole in the road. Id. Unlike the plaintiff in *Frandy*, the plaintiff here provided notice that the claimed defect that caused his injury was the condition of the crosswalk, namely, the condition or absence of a crosswalk button at the intersection. In effect, *Frandy*'s notice amounted merely to a legal conclusion that the pavement was " 'defective' . . . ." Such a "conclusory phrase is not a description of the relevant highway defect"; id., 755; and could not be expected to allow the commissioner to "gather information to protect himself in a lawsuit without knowing the nature of the defect . . . ." Id., 756. Here, the plaintiff's notice provided the commissioner with notice of the nature of the defect when it directed his attention to the crosswalk button.

The trial court, in its memorandum of decision, reasoned: "Uncertainty begins with the inconsistent statements that the state failed to place a crosswalk button at this location and then failed to repair the crosswalk button." We note, however, that notice "need not be expressed with the fullness and exactness of a pleading. . . . Under § 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence *to permit the commissioner to gather information about the case intelligently*." (Emphasis added; internal quotation marks omitted.) *Oberlander* v. *Sullivan*, 70 Conn. App. 741, 746, 799 A.2d 1114, cert. denied, 261 Conn. 924, 806 A.2d 1061 (2002).[7] The sufficiency of the notice, with respect to the cause of injury, is a matter to be determined by the jury. See *Filippi* v. *Sullivan*, supra, 273 Conn. 11.

We conclude that the plaintiff's notice was not patently defective, as it "both informed the defendant of

the plaintiff's intent to file a claim and furnished the defendant with a guide as to how to conduct further inquiries to protect its interests." *Tedesco* v. *Dept. of Transportation*, 36 Conn. App. 211, 214, 650 A.2d 579 (1994).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Although the plaintiff also names the state as a defendant, for ease of discussion, we refer only to the commissioner throughout this opinion.

[2] General Statutes § 13a-144, which serves as a waiver of the state's sovereign immunity for claims arising out of certain highway defects, provides in relevant part: "Any person injured in person or property through the neglect or default of the state . . . by means of any defective highway . . . which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

[3] In his complaint, the plaintiff attributed his injuries to "the defective roadway, crosswalk and associated traffic and/or pedestrian control systems . . . ."

[4] In his motion to dismiss, the commissioner also claimed that the notice was patently defective in describing the location of the incident. The court rejected this claim, concluding that the location described was "reasonably definite and limited," and "looking to the notice as a whole, the commissioner reading the notice should understand the location as the pedestrian crosswalk within the intersection."

[5] "It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued." (Internal quotation marks omitted.) *Salgado* v. *Commissioner of Transportation*, 106 Conn. App. 562, 566, 942 A.2d 546 (2008).

[6] At oral argument before this court, the plaintiff conceded that, under our case law, the allegations that the commissioner "failed to inspect the pedestrian crossing" and "failed to provide a safe pedestrian crosswalk for pedestrians such as the plaintiff" are too vague to meet the notice requirements of § 13a-144. The plaintiff argued, however, that under our Supreme Court's decision in *Filippi* v. *Sullivan*, supra, 273 Conn. 1, the inclusion of these allegations in the notice does not render it patently defective.

Although *Filippi* concerned the notice's description of the location of the accident, we are guided by its reasoning. There, the plaintiff brought an action against the commissioner for injuries he sustained in an automobile accident allegedly caused by the commissioner's failure to post lane closure signs on a portion of Interstate 95. Id., 2–3. The commissioner filed a motion to dismiss on the ground that the notice was patently defective in that it " 'describe[d] two different and distinct locations,' " and therefore failed to sufficiently describe the location of the accident. Id., 6. Although the notice provided that the accident occurred at a point in the road immediately after a " 'graded blind curve' " between two exits on Interstate 95; id., 6 n.3; evidence in the record established that there was more than one curve in the road between the points identified. Id., 11.

On appeal from the trial court's denial of the commissioner's motion to dismiss, our Supreme Court concluded that the notice was not patently defective. Id., 11–12. The court acknowledged that, although the notice described two different locations that were almost two miles apart from one another and the accident could have occurred in only one of those locations, no evidence in the record "indicate[d] that there is more than one *graded blind* curve *immediately prior* to either of those two points." (Emphasis in original.) Id., 11. Thus, the court could not conclude that "the notice necessarily was too vague to permit the commissioner to identify the location of the accident and injury with reasonable certainty." Id.

Just as one of the alleged locations in *Filippi* was legally insufficient, the plaintiff here concedes that two of his alleged causes of injury are legally insufficient to provide adequate notice to the commissioner. The inclusion of a cause of injury that would be legally insufficient on its own, however, does not invalidate the notice provided by the statements regarding the

crosswalk signal, just as the inclusion of a second location in *Filippi* did not invalidate the entire notice, as it does not make the notice "too vague to permit the commissioner to identify" the cause of the accident and injury "with reasonable certainty." Id.

[7] Furthermore, we agree with the plaintiff that "[w]hether there was no button or the button was broken is irrelevant. The point is, in the absence of a working crosswalk button, there was no method to ensure safe passage across the street.  .  .  .  Once on notice that there was a problem with a crosswalk button, the commissioner could easily gather information about the matter."

---